UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT GINTER, an individual, and PAULINE MACE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, in his capacity as Sheriff of Boise County, STEVE WILKINS, an individual, VIKKI WILKINS, an individual, ROBERT HUTCHINGS, an individual, and COLE REEDER, in his capacity as a deputy of Boise County,<br><br>Defendants. | Case No. 1:25-cv-00027-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion to Set Reasonable Bond (Dkt. 2). For the reasons explained below, the Court will grant the motion and conditionally fix the bond amount at $500.

## BACKGROUND

Plaintiffs Robert Ginter and Pauline Mace have sued Boise County Sheriff Scott Turner and Boise County Deputy Cole Reeder, as well as several individuals unassociated with law enforcement. Against the law enforcement officials,

ORDER - 1

Plaintiffs bring claims under 42 U.S.C. § 1983 for selective enforcement, First Amendment retaliation, and malicious prosecution.

In addition to the federal civil rights claims, Plaintiffs anticipate amending their complaint to bring state law claims against Sheriff Turner, Deputy Reeder, and potentially other law enforcement officers as additional information is discovered. Pursuant to Idaho Code § 6-610, Plaintiffs ask the Court to set a bond of $500 for the purpose of allowing them to amend their complaint to bring any state law claim against law enforcement officers.

## ANALYSIS

Under Idaho law:

> Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court. The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court.

Idaho Code § 6-610(2).

The bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *ET v. Lake Pend Oreille Sch. Dist.*

**ORDER - 2**

*No. 84*, No. 2:10-cv-00292, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). However, the bond requirement does apply to Plaintiffs' anticipated state-law claims. *Polatis v. Katseanes*, No. 4:21-cv-00392, 2021 WL 4497143, at *1 (D. Idaho Sept. 30, 2021).

This brings the Court to the question of the amount at which bond should be set. Under Idaho Code § 6-610(3), "the prevailing party shall be entitled to an award of costs as otherwise provided by law." It is not yet clear what state law claims Plaintiff anticipates bringing. However, the Court will assume, for purposes of addressing the pending motion, that Plaintiffs' state law claims will fall under the Idaho Tort Claims Act (ITCA).

Under the ITCA, to obtain an award of attorneys' fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." *Id.* § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

At this stage of the proceedings, based on the Court's review of the factual allegations in the complaint, as well as the factual allegations included in the pending motion, there does not appear to be any indication of bad faith in the

ORDER - 3

commencement of this action, and thus no indication that the defendants, if they were to prevail in this action, would be entitled to attorney's fees under § 6-918A. Based on the information before it, the Court finds a minimal bond requirement in the amount of $500 to be appropriate.

Finally, the Court notes that the defendants have neither been served nor entered an appearance in this action. The Motion to Set Bond is thus brought ex parte, and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount of bond. However, § 6-610(4)-(7) create safeguards that allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. If, upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond in sufficient amount be filed by Plaintiff within five days of entry of the Court's order. *Id.* § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

## ORDER

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Set Reasonable Bond (Dkt. 2) is **GRANTED**.

2. The Court conditionally sets the amount of the required bond at $500, subject to Defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).

3. If such an exception is filed, the Court will then consider whether the bond amount should be increased.

DATED: February 19, 2025

B. Lynn Winmill
U.S. District Court Judge

ORDER - 5